UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------- x

In re:                                                  :    Case No. 14-70004-cec
                                                        :    Case No. 14-41669-cec
RAMON NINA,                                             :
                                                        :    (Chapter 13)
                              Debtor.                   :
----------------------------------------------------- x

In re:                                                  :
                                                        :    Case No. 14-70005-cec
LORI CANNAN,                                            :
                                                        :    (Chapter 13)
                              Debtor.                   :
----------------------------------------------------- x

In re:                                                  :
                                                        :    Case No. 14-70027-cec
WALTER L. TURNER,                                       :
                                                        :    (Chapter 13)
                              Debtor.                   :
----------------------------------------------------- x

In re:                                                  :
                                                        :    Case No. 14-70028-cec
JEFFREY B. ALEXANDER,                                   :
                                                        :    (Chapter 13)
                              Debtor.                   :
----------------------------------------------------- x

In re:                                                  :
                                                        :    Case No. 14-40074-cec
DIANE E. WILLIAMS,                                      :
                                                        :    (Chapter 13)
                              Debtor.                   :
----------------------------------------------------- x

In re:                                                  :
                                                        :    Case No. 14-40076-cec
INEZ R. TURRIETTA,                                      :
                                                        :    (Chapter 13)
                              Debtor.                   :
----------------------------------------------------- x

In re:                                                  :
                                                        :    Case No. 14-40147-cec
TAMARA D. JACKSON-BALL,                                 :
                                                        :    (Chapter 13)
                              Debtor.                   :
----------------------------------------------------- x

```
-------------------------------------------------------  x
In re:                                                   :
                                                         :  Case No. 14-40184-cec
SORIE DUMBUYA,                                           :
                                                         :  (Chapter 13)
                               Debtor.                   :
-------------------------------------------------------  x
In re:                                                   :
                                                         :  Case No. 14-40284-cec
NEKISHA E. ADEKOYA,                                      :
                                                         :  (Chapter 13)
                               Debtor.                   :
-------------------------------------------------------  x
In re:                                                   :
                                                         :  Case No. 14-40516-cec
ADRIAN D. BLACKWELL,                                     :
                                                         :  (Chapter 13)
                               Debtor.                   :
-------------------------------------------------------  x
In re:                                                   :
                                                         :  Case No. 14-40567-cec
ROBERT Q. WHITE,                                         :
                                                         :  (Chapter 13)
                               Debtor.                   :
-------------------------------------------------------  x
In re:                                                   :
                                                         :  Case No. 14-41071-cec
BOBBY D. BLEVINS,                                        :
                                                         :  (Chapter 13)
                               Debtor.                   :
-------------------------------------------------------  x
In re:                                                   :
                                                         :  Case No. 14-41073-cec
DEBORAH SMITH                                            :
                                                         :  (Chapter 13)
                               Debtor.                   :
-------------------------------------------------------  x
In re:                                                   :
                                                         :  Case No. 14-41116-cec
JOSE G. HIGUERA,                                         :
                                                         :  (Chapter 13)
                               Debtor.                   :
-------------------------------------------------------  x
```

```
-------------------------------------------------  x
In re:                                             :
                                                   :   Case No. 14-41117-cec
MARCUS W. MULLINGS,                                :
                                                   :   (Chapter 13)
                             Debtor.               :
-------------------------------------------------  x
In re:                                             :
                                                   :   Case No. 14-41118-cec
SHERMAINE DONADELLE-MOORE,                         :
                                                   :   (Chapter 13)
                             Debtor.               :
-------------------------------------------------  x
In re:                                             :
                                                   :   Case No. 14-41214-cec
DAVID T. ZULLO,                                    :
                                                   :   (Chapter 13)
                             Debtor.               :
-------------------------------------------------  x
In re:                                             :
                                                   :   Case No. 14-41215-cec
CECILIA U. OQUENDO,                                :
                                                   :   (Chapter 13)
                             Debtor.               :
-------------------------------------------------  x
In re:                                             :
                                                   :   Case No. 14-41292-cec
GLENN NORMAN ROSS,                                 :
                                                   :   (Chapter 13)
                             Debtor.               :
-------------------------------------------------  x
In re:                                             :
                                                   :   Case No. 14-41446-cec
ARETHA C. JOHNSON,                                 :
                                                   :   (Chapter 13)
                             Debtor.               :
-------------------------------------------------  x
In re:                                             :
                                                   :   Case No. 14-41447-cec
GIL LAMAAR COLEY,                                  :
                                                   :   (Chapter 13)
                             Debtor.               :
-------------------------------------------------  x
```

United States Trustee's Complaint for Statutory Fines, Forfeiture of Fees,
Damages, and Injunctive Relief for Violations of 11 U.S.C. § 110

```
------------------------------------------------------- x
In re:                                                  :
                                                        : Case No. 14-41448-cec
REGINA B. WESTBROOK,                                    :
                                                        : (Chapter 13)
                              Debtor.                   :
------------------------------------------------------- x
In re:                                                  :
                                                        : Case No. 14-41584-cec
DEBORAH J. LOFFER,                                      :
                                                        : (Chapter 13)
                              Debtor.                   :
------------------------------------------------------- x
In re:                                                  :
                                                        : Case No. 14-41585-cec
NATASHA CORREA,                                         :
                                                        : (Chapter 13)
                              Debtor.                   :
------------------------------------------------------- x
In re:                                                  :
                                                        : Case No. 14-41671-cec
DWAYNE C. SMITH,                                        :
                                                        : (Chapter 13)
                              Debtor.                   :
------------------------------------------------------- x
In re:                                                  :
                                                        : Case No. 14-41749-cec
ALLAN JAMES,                                            :
                                                        : (Chapter 13)
                              Debtor.                   :
------------------------------------------------------- x
In re:                                                  :
                                                        : Case No. 14-40703-cec
BOBBY BAILEY,                                           :
                                                        : (Chapter 13)
                              Debtor.                   :
                                                        :
------------------------------------------------------- x
In re:                                                  :
                                                        : Case No. 14-41747-cec
PARAMESVARM APPUTHURAI,                                 :
                                                        : (Chapter 13)
                              Debtor.                   :
------------------------------------------------------- x
```

United States Trustee's Complaint for Statutory Fines, Forfeiture of Fees,
Damages, and Injunctive Relief for Violations of 11 U.S.C. § 110

```
-------------------------------------------------------  x
In re:                                                   :
                                                         :  Case No. 14-41699-cec
LILIA RAMIREZ,                                           :
                                                         :  (Chapter 13)
                            Debtor.                      :
-------------------------------------------------------  x
WILLIAM K. HARRINGTON, UNITED                            :  Adv. Pro. No. ____
STATES TRUSTEE, REGION 2,                                :
                                                         :
                            Plaintiff,                   :
                                                         :
vs.                                                      :
                                                         :
MVP HOME SOLUTIONS, LLC, a New                           :
Jersey limited liability company;                        :
SILVERSTEIN & WOLF CORP., a New                          :
York corporation; BOLDEN PINNACLE                        :
GROUP CORP., a New York corporation;                     :
FREE CALM & GROWING, a New York                          :
sole proprietorship; MARCUS A.                           :
MULLINGS, individually, and as founder and               :
sole member of MVP Home Solutions, LLC;                  :
AMAL M. BALMACOON, a/k/a MARTIN                          :
BALMACOON, individually, as chief                        :
executive officer and sole shareholder of                :
Silverstein & Wolf Corp., and as sole                    :
shareholder and owner of Bolden Pinnacle                 :
Group Corp.; JOHN NELSON, individually,                  :
and as an agent for Silverstein & Wolf Corp.;            :
DESSALINES SEALY, individually, as sole                  :
proprietor of Free, Calm & Growing, and as               :
agent for Bolden Pinnacle Group Corp.,                   :
                                                         :
                            Defendants.                  :
-------------------------------------------------------  x
```

## COMPLAINT FOR STATUTORY FINES, FORFEITURE OF FEES, DAMAGES, AND INJUNCTIVE RELIEF FOR VIOLATIONS OF 11 U.S.C. § 110

Plaintiff William K. Harrington, United States Trustee for Region 2, for his complaint

against Defendants MVP Home Solutions, LLC, a New Jersey limited liability company;

Silverstein & Wolf Corp, a New York Corporation; Bolden Pinnacle Group Corp., a New York

corporation; Free, Calm & Growing, a New York sole proprietorship; Marcus A. Mullings,

individually, and as founder and sole member of MVP Home Solutions, LLC; Amal M.

Balmacoon, a/k/a Martin Balmacoon, individually, as chief executive officer and sole

shareholder of Silverstein & Wolf Corp., and as sole shareholder and owner of Bolden Pinnacle

Group Corp; John Nelson, individually, and as an agent for Silverstein & Wolf Corp.; Dessalines

Sealy, individually, as sole proprietor of Free, Calm & Growing, and as an agent for Bolden

Pinnacle Group Corp. (collectively, the "Defendants"), respectfully alleges as follows:

## JURISDICTION AND VENUE

1.      The United States Trustee brings this adversary proceeding against the

Defendants under 11 U.S.C. § 110 and Federal Rule of Bankruptcy Procedure 7001.

2.      This adversary proceeding relates to thirty handwritten, skeletal chapter 13

petitions (collectively, the "Petitions"), filed in the names of twenty-nine debtors (collectively,

the "Debtors"), as set forth in the following chart:

| Case Name | Case Number | Filing Date | Status |
|---|---|---|---|
| Nina, Ramon | 14-70004-CEC | 1/02/2014 | Pending |
|  | 14-41669-CEC | 04/07/2014 | Pending |
| Cannan, Lori | 14-70005-CEC | 1/02/2014 | Pending |
| Turner, Walter L. | 14-70027-CEC | 1/07/2014 | Closed |
| Alexander, Jeffrey B. | 14-70028-CEC | 1/07/2014 | Pending |
| Williams, Diane E. | 14-40074-CEC | 1/09/2014 | Closed |
| Turrietta, Inez R. | 14-40076-CEC | 1/09/2014 | Closed |
| Jackson-Ball, Tamara D. | 14-40147-CEC | 1/14/2014 | Pending |
| Dumbuya, Sorie | 14-40184-CEC | 1/17/2014 | Pending |
| Adekoya, Nekisha E. | 14-40284-CEC | 1/24/2014 | Pending |
| Blackwell, Adrian D. | 14-40516-CEC | 2/05/2014 | Pending |
| White, Robert Q. | 14-40567-CEC | 2/11/2014 | Closed |
| Bailey, Bobby | 14-40703-CEC | 2/20/2014 | Closed |
| Blevins, Bobby D. | 14-41071-CEC | 3/11/2014 | Pending |
| Smith, Deborah | 14-41073-CEC | 3/11/2014 | Pending |
| Higmera, Jose G. | 14-41116-CEC | 3/13/2014 | Pending |
| Mullings, Marcus W. | 14-41117-CEC | 3/13/2014 | Pending |
| Donadelle-Moore, Shermaine | 14-41118-CEC | 3/13/2014 | Pending |
| Zullo, David T. | 14-41214-CEC | 3/18/2014 | Pending |

| Oquendo, Cecilia U. | 14-41215-CEC | 3/18/2014 | Pending |
|---|---|---|---|
| Ross, Glenn Norman | 14-41292-CEC | 3/20/2014 | Pending |
| Johnson, Aretha | 14-41446-CEC | 3/27/2014 | Pending |
| Coley, Gil Lamar | 14-41447-CEC | 3/27/2014 | Pending |
| Loffer, Deborah J. | 14-41584-CEC | 4/01/2014 | Pending |
| Correa, Natasha | 14-41585-CEC | 4/01/2014 | Pending |
| Smith, Dwayne C. | 14-41671-CEC | 4/07/2014 | Pending |
| Ramirez, Lilia M. | 14-41699-CEC | 4/08/2014 | Pending |
| James, Allen D. | 14-41749-CEC | 4/10/2014 | Pending |
| Apputhurai, Paramesvarm | 14-41747-CEC | 4/10/2014 | Pending |

3.       The Court has jurisdiction of this adversary proceeding under 28 U.S.C. §§ 157 and 1334.

4.       This adversary proceeding is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (E).

5.       Venue is proper under 28 U.S.C. § 1409(a).

## STANDING

6.       The United States Trustee has standing to bring this complaint under 28 U.S.C. § 586 and 11 U.S.C. § 307, which provides that the United States Trustee "may raise and may appear and be heard on any issues in a case or proceeding under this title . . ."  11 U.S.C. § 307.

7.       Under 11 U.S.C. § 110, the United States Trustee is vested with authority to seek statutory fines, disgorgement or forfeiture of fees, and damages for a bankruptcy petition preparer's ("BPP") violations of Section 110 and to bring a civil action to enjoin a bankruptcy petition preparer from engaging in any conduct in violation of Section 110 or from further acting as a bankruptcy petition preparer under 11 U.S.C. § 110(i)(1) and (j)(1).

## THE PARTIES

8.       Plaintiff William K. Harrington is the United States Trustee for Region 2 (the "United States Trustee"), which includes the Eastern District of New York.

9.      Defendant MVP Home Solutions, LLC ("MVP") is a limited liability company formed under the laws of New Jersey.

10.     MVP's principal place of business is located at 1 Bridge Plaza, Suite 275, Fort Lee, New Jersey 07024.

11.     MVP provides foreclosure rescue services to distressed homeowners, including preparing and filing chapter 13 petitions to stay foreclosure sales.

12.     Defendant Silverstein & Wolf Corp. ("S&W") is a corporation formed under the laws of New York.

13.     S&W's principal place of business is located at 347 5th Avenue, Room 1402, New York, New York 10016.

14.     Upon information and belief, S&W also has business premises located at 149-23 118th Street, South Ozone Park, New York 11420

15.     S&W is engaged in the business of providing foreclosure rescue services to distressed homeowners, including preparing and filing chapter 13 petitions to stay foreclosure sales.

16.     Bolden Pinnacle Group Corp. ("Bolden") is a corporation formed under the laws of New York.

17.     Bolden's principal place of business is located at 111 8th Avenue, New York, New York 10011.

18.     Upon information and belief, Bolden also has business premises located at 149-23 118th Street, South Ozone Park, New York 11420.

19.     Upon information and belief, Bolden provides foreclosure rescue services to distressed homeowners, including preparing and filing chapter 13 petitions to stay foreclosure sales.

20.     Defendant Free, Calm & Growing ("FCG") is a New York sole proprietorship.

21.     FCG has business premises located at 170 Vernon Avenue, Brooklyn, New York 11206.

22.     Upon information and belief, FCG was a sales representative for MVP that recruited clients, had them sign contracts for MVP's services, accepted client payments, and then forwarded the contracts and fees to MVP.  FCG also recruited clients and provided services on its own behalf.

23.     Defendant Marcus A. Mullings ("Mullings") is a resident of New Jersey and lives at 131 Dorchester Road, Hackensack, New Jersey 07601.

24.     Mullings is the principal, founder, and sole member of MVP.

25.     Defendant Amal M. Balmacoon, a/k/a Martin Balmacoon ("Balmacoon"), is a resident of New York and lives at 149-23 118 Street, South Ozone Park, New York 11420.

26.     Balmacoon is the sole shareholder and CEO of S&W and the sole shareholder and owner of Bolden.

27.     Defendant John Nelson ("Nelson") is a resident of New York and lives at 114-12 135 Street, South Ozone Park, New York 11420.

28.     Nelson is an independent contractor for S&W.

29.     Defendant Dessalines Sealy ("Sealy") is a resident of New York and lives at 170 Vernon Avenue, Brooklyn, New York 11206.

30. Sealy is the sole proprietor of FCG and an agent, contractor or employee of Bolden.

31. The Defendants are also collectively referred to as the "Undisclosed BPPs" in this complaint.

## BACKGROUND

### I. Procedural History

32. Between January 2, 2014 and April 10, 2014, the Undisclosed BPPs prepared and filed the Petitions purportedly on behalf of the Debtors.

33. After investigating the circumstances of the Debtors' chapter 13 cases, the United States Trustee filed a Motion, on July 1, 2014, for an Order Directing Undisclosed Bankruptcy Petition Preparers to Pay Treble Fines to the United States Trustees Fund, under 11 U.S.C. § 110(i), to Forfeit Fees to the Debtors, under 11 U.S.C. § 110(h), and to Pay Damages to the Debtors, under 11 U.S.C. § 110(i), for Violations of 11 U.S.C. §§ 110(b) through (h) (the "Motion"). In support of the Motion, the United States Trustee filed a Memorandum of Law; the Declaration of Iris Hernandez-Diaz (the "Hernandez-Diaz Declaration"), and Exhibits A through K.

34. MVP was the only respondent named in the Motion.

35. On August 22, 2014, the United States Trustee filed an Amended Motion for an Order Directing Undisclosed Bankruptcy Petition Preparers to Pay Treble Fines to the United States Trustees Fund, under 11 U.S.C. § 110(i), to Forfeit Fees to the Debtors, under 11 U.S.C. § 110(h), and to Pay Damages to the Debtors, under 11 U.S.C. § 110(i), for Violations of 11 U.S.C. §§ 110(b) through (h) (the "Amended Motion"); an Amended Memorandum of Law, the Declaration of Alicia M. Leonhard (the "Leonhard Declaration"), and Exhibits L through S.

36.     In the Amended Motion, the United States Trustee added respondents Stay In or Walk Away, LLC, a purported affiliate of MVP, S&W, and Sanders & Associates, LLC, a New Jersey limited liability company owned by Jesse Sanders, a former officer of MVP.

37.     Sanders & Associates and Stay In or Walk Away, LLC did not respond to the Motion or appear at any hearings, and the United States Trustee extended MVP's and S&W's deadline to respond to the Motion until the Court set a trial date.

38.     On September 15, 2014, the United States Trustee served a First Request for Production of Documents on MVP.

39.     Pursuant to MVP's request, the United States Trustee extended the October 24, 2014 deadline to produce documents to October 31, 2014.

40.     MVP produced some of the requested documents on October 31, 2014 but, to date, has not produced financial records and other documents.

41.     On September 22, 2014, the United States Trustee served a First Request for Production of Documents on S&W.

42.     Balmacoon hand-delivered S&W's documents to the United States Trustee on the due date of October 24, 2015.

43.     The United States Trustee served a Notice of Depositions upon Oral Examination of Mullings and Balmacoon on January 14, 2015.

44.     Mullings appeared for examination on May 1, 2015 and June 16, 2015.

45.     Balmacoon appeared for examination on January 23, 2015 and June 5, 2015.

46.     This complaint supersedes and replaces the Amended Motion, except that the Amended Motion, the Amended Memorandum of Law, the Hernandez-Diaz Declaration, the

Leonhard Declaration, Exhibits A through S, and deposition transcripts are incorporated by reference into this complaint.

**II.**     **The Undisclosed BPPs' Services**

47.     The Undisclosed BPPs offer two programs to distressed homeowners: Stay In or Walk Away and Stop the Sale Date, also known as Stop the Sheriff Sale.

**A.     Stay In or Walk Away**

48.     In Stay in or Walk Away, the first step is for the distressed homeowner to quitclaim his or her residence to MVP for consideration of $10.00.

49.     The distressed homeowner then has a choice of staying in the residence and renting it from MVP or walking away, leaving MVP as the new owner.

50.     MVP then negotiates to purchase the homeowner's mortgage note at a discount using funds from investors.

51.     MVP does not pay real property taxes, insurance and other expenses during negotiations with the lender.

52.     If the lender files a foreclosure action, MVP states that "[a]s a matter of practice, we routinely stop/postpone/cancel these foreclosure sale dates . . . ."

53.     If the distressed homeowner stays in the home and MVP is able to purchase the note, MVP or the investor becomes the new lender and provides the homeowner with a new mortgage loan after the homeowner has paid rent to MVP for a year.

54.     If the homeowner walks away, MVP resells the residence in hopes of making a profit.

55.     MVP has not completed any note purchases and does not have any investor funds on hand.

56.     None of the Debtors participated in Stay In or Walk Away.

**B.     Stop the Sale Date, a/k/a Stop the Sheriff Sale**

57.     Stop the Sale Date began in or about January 2015 when MVP and Mullings

began working with S&W and Balmacoon.  Stop the Sale Date is also called Stop the Sheriff

Sale.

58.     In a brochure provided to potential clients, MVP and S&W promise that Stop the

Sale Date will allow the homeowner "to keep a foreclosure sale at bay for up to 5-6 years."  *See*

Exhibit C to the Amended Motion.

59.     In addition, the brochure provides that:

> Our "Stop the Sale Date Program" is handled by our experienced legal team.  We
> start off by initiating a Chapter 13 bankruptcy and then dismissing it after 72
> hours.  Our attorney utilize [*sic*] the Chapter 13 within that 72 hour period to get
> an automatic stay.  An automatic stay is what you need to stop the sale date.

*Id.*

60.     Thereafter, according to the brochure, the "legal team" analyzes the property and

defenses to foreclosure, which will delay foreclosure for up to a year, and then "go[es] into some

type of forensic or secruitization [*sic*] audit to get more leverage and more time for your case."

*Id*.

61.     The brochure also promises that

> After those initiatives have been put into play and have been exhausted. [*sic*]  Our
> legal team will target all of the federal mandates and initiatives that have put into
> place [*sic*] to protect the homeowner and to give the homeowner a fair chance to
> keep their home.  So our attorneys may start one of several things that a lender
> must offer to the homeowner such as possible loan modification, a short sale, a
> ability [*sic*] for the homeowner to get financing and other programs started by the
> federal government. . . .  **With all of the systems in place our legal team will be
> able to keep a foreclosure sale at bay for up to 5-6 years.**

*Id*. (emphasis added).

62.     The cost of Stop the Sale Date is "$1,095.00 for the 1st month & then $995.00 per month." *Id.*

63.     MVP and S&W also claim that

By utilizing our systems you will save tens of thousands of dollars that would have gone to monthly rents payments [sic], rent deposit and moving costs.  More importantly, you increase the odds of retaining ownership in your property for years to come and improving your financial situation significantly within the time bought.  On average [*sic*] our clients save $1000 or more per month.

64.     In literature describing Stop the Sheriff Sale, MVP and S&W state, among other things, that they work with attorneys to stay foreclosure sales and that their success rate is 100 percent.

65.     FCG and Sealy have the "Missile Program," which is similar to Stop the Sale Date and Stop the Sheriff Sale.  They advertise the Missile Program on FCG's website and in literature given to prospective clients.

66.     The only purpose of Stop the Sale Date and Stop the Sheriff Sale is to stay pending foreclosure auctions for distressed homeowners.

67.     Preparing and filing the Petitions to stay foreclosure sales were the only services that the Undisclosed BPPs provided to the Debtors.

## III.     The Debtors' Stop the Sale Date Contracts

68.     In connection with Stop the Sale Date, the Debtors entered into an agreement with MVP (the "Service Agreement"), which describes Stop the Sale Date services as follows:

MVP will implement by way of educational and Services purposes all of its skill, knowledge and judgment to provide education regarding current market and financial conditions.  Such market and financial conditions may cover a wide spectrum including real estate, lending practices, foreclosure procedure, with particular emphasis on trustee state guided foreclosure processes, bankruptcy, and asset protection as well as personal financial planning.  Service may come by way of numerous avenues including but not limited to: seminars, webinars, videos, one on one instruction, instruction by telephone conference, and similar educational

> avenues.  Educational service and recommended strategies may include 3rd party
> costs to be paid to additional professionals including attorneys, real estate
> agents, financial planners, as well as state and federal government agencies.  Such fees
> and costs will always be disclosed with regards to MVP's educational services
> and strategies.

Exhibit 1, Service Agreement, § 2.1.

69.     Under the Service Agreement, the Debtors agreed to pay for Stop the Sale Date

for at least four months ($1,095.00 due on signing of the Service Agreement and $995.00 per

month thereafter).  *Id.*, § 2.2.

70.     The Service Agreement provides that the Debtors would continue to receive Stop

the Sale Date services so long as they remained current on their monthly payments.  *Id.*

71.     MVP guaranteed that it would make "a full and complete effort to implement the

Stop the Sale Date as described to the client.  MVP will perform all necessary actions and

facilitate legal activities to position the Clients' Property so that legally the Foreclosure Sale by

Law [*sic*] should be stopped."  *Id.*, § 5.1.

72.     The Debtors also executed a "Borrower Authorization," which provides, in part,

that

> **MY DESIGNATED AGENT IN FACT IS MVP HOME SOLUTIONS, LLC.  I
> AUTHORIZE SAID DESIGNEE(S) TO DO WHATEVER IS REASONABLY
> AND LEGALLY POSSIBLE TO AVOID FORECLOSURE OR OTHERWISE
> HELP TO RENEGOTIATE MY LOAN WITH MY LENDER, WHETHER
> MY LOAN IS CURRENT OR DELINQUENT, DUE TO THE HARDSHIP
> THAT I AM EXPERIENCING.**

Exhibit 2, at 1 (emphasis in original.)

73.     MVP and S&W have asserted that this language authorized them to file the

Petitions.

74.     FCG and Sealy used the same Service Agreement and Borrower Authorization for

clients recruited on their own behalf or on behalf of Bolden.

**IV.**    **The Consulting Service Agreement between MVP and S&W**

75.    On December 10, 2013, MVP and S&W executed an agreement under which

S&W agreed to stay foreclosure sales for MVP's clients by filing skeletal chapter 13 petitions

(the "Consulting Service Agreement").  *See* Exhibit 3.

76.    As set forth in the Consulting Service Agreement, S&W's services included:

-Stay on all mortgages for a period of 5-6 years on each property submitted by
Client.

-The Consultant will used [*sic*] different procedures to obtain the stay for the
duration of time mentioned above, some or [*sic*] the procedures will include but
not limited to for example, qualify [*sic*] written request, order show cause [*sic*],
short sale, factor [*sic*].

-Stop any and all foreclosure sales and/or legal proceedings of client's [*sic*]
current and future prospects Client provides.

-Sheriff sale can or will be stopped by administrative or judicial actives [*sic*].

-Many sales can and will be stopped only by way of Skeletal [*sic*] bankruptcy or (Filing
of Chapter 13)[.]

-The filing of a bankruptcy petition instantly triggers an automatic stay on execution that
supersedes local and state authority.  In all cases, the time frame is most decisive. . . .

-Filing of a bankruptcy to stop the sheriff sale in most cases will never affect the owner
credit [*sic*], the filing is done in a three part step just to stop the sale and then remove
within 3-4 days after so the dismisses [*sic*] for affecting the owner's credit.

*Id*. at 1.

**V.**    **The Skeletal Chapter 13 Petitions**

77.    Between January 2, 2014 and April 10, 2014, the Petitions were prepared and

filed in the names of the Debtors.  The Petitions, which were filed *pro se*, are handwritten and

skeletal.

78.    MVP, Mullings, S&W, Balmacoon, and Nelson authorized or prepared and filed

the majority of the Petitions pursuant to the Consultant Service Agreement.

79.     CFG, Sealy, Bolden, and Balmacoon authorized, prepared and filed one or more Petitions.

80.     The Petitions contain the purported signatures of the Debtors.

81.     The Petitions, including the Debtors' signatures, appear to be written by the same person.

82.     None of the Petitions was signed by an attorney or bankruptcy petition preparer.

83.     Only $40.00 of the chapter 13 filing fee was paid when the Petitions were filed and the balance of the filing fee was never paid.

84.     Bankruptcy Schedules, the Statement of Financial Affairs, the Means Test, a chapter 13 plan, and any other documents required of chapter 13 debtors were never filed.

85.     By the purported signatures of the Debtors on Page 3 of the Petitions, it was averred, under penalty of perjury, that the "[d]ebtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district."

86.     As set forth in the Petitions, the Debtors' "Mailing Address[es]," are outside of the venue of this Court, in New Jersey, North Carolina, Illinois, New Mexico, Ohio and other states (the "Mailing Addresses").

87.     The Petitions listed one of four "Street Address[es]" that are located within the venue of this court (the "Street Addresses"):

a.     132-06 133 Avenue, South Ozone Park, New York 11420 (the "133 Avenue Property");

b.     114-04 135 Street, South Ozone Park, New York 11420 (the "135 Street Property");

c.      149-23 118 Street, South Ozone Park, New York 11420 (the "118 Street Property"); and

d.      75 Biltmore Avenue, Elmont, New York 11003 (the "Biltmore Avenue Property").

88.    The Debtors live, or lived, at the Mailing Addresses, which are, or were, their primary residences in other states.

89.    None of the Debtors lives, or has ever lived, at any of the Street Addresses.

90.    Upon information and belief, Balmacoon has or had a residence or office at the 133 Avenue Property.

91.    Balmacoon resides at the 118 Street Property and conducts S&W's and Bolden's businesses from there.

92.    Nelson resides at the 135 Street Property.

93.    The owner of the Biltmore Avenue Property is SBNY Holdings, Inc. ("SBNY"), a New York corporation owned by Balmacoon's parents.

**FIRST CLAIM FOR RELIEF**
**Violations of 11 U.S.C. §§ 110(b), (c), (d), (e)(1), (g), and (h)(2)**

94.    The allegations contained in paragraphs 1-93 are hereby incorporated by reference as if set forth fully herein.

95.    As set forth in 11 U.S.C. § 110(a)(1), the Undisclosed BPPs are persons, other than an attorney or an employee working under the direct supervision of an attorney, that receive compensation for preparing bankruptcy documents for filing.

96.    Title 11 U.S.C. § 110(a)(2) defines "document for filing" as a petition or any other document prepared by a debtor for filing with the Bankruptcy Court in connection with a bankruptcy case.

97.     Under 11 U.S.C. § 110(b)(1), a BPP is required to sign and print his or her name and address on any document for filing he or she prepares.  If the BPP is not an individual, an officer, principal, responsible party, or partner of the BPP must sign and print his or her name on any document for filing.

98.     Under 11 U.S.C. § 110(b)(2)(A) and (B), a BPP is required to file with the Bankruptcy Court the Notice to Debtor by Non-Attorney Bankruptcy Petition Preparer (the "BPP Notice"), which is signed by the Debtor under penalty of perjury, and the Declaration and Signature of Non-Attorney Bankruptcy Petition Preparer the (the "BPP Declaration").

99.     Under 11 U.S.C. § 110(c)(1) and (2), a BPP and each person that assisted with the preparation of documents for filing must print his or her social security number on all documents for filing.  If the BPP is not an individual, an officer, principal, responsible party, or partner of the BPP must print his or her social security number on any documents for filing that the BPP prepared.

100.    Title 11 U.S.C. § 110(d) provides that no later than when the debtor signs a document for filing, a BPP must provide the debtor with a copy.

101.    Under 11 U.S.C. § 110(e)(1), a BPP shall not execute any document for filing on a debtor's behalf.

102.    Under 11 U.S.C. § 110(g), a BPP shall not collect or receive any payment for court fees from or on behalf of the debtor.

103.    Under 11 U.S.C. § 110(h)(2), BPPs must file a Disclosure of Compensation of Bankruptcy Petition Preparer (the "Disclosure of Compensation"), disclosing under penalty of perjury, any fees received from, or on behalf of, the debtor, and any unpaid fee charged to the debtor.

104.    The Undisclosed BPPs authorized, prepared, and/or filed the Petitions for MVP under the Consultant Service Agreement or on their own behalf.

105.    Twenty-seven Debtors did not authorize the filing of the Petitions.

106.    The Undisclosed BPPs did not inform the Debtors of the Petitions prior to filing them.

107.    The Undisclosed BPPs did not sign the Petitions or print their names, as individuals, or as an officer, responsible party, principal or partner in violation of 11 U.S.C. § 110(b)(1).

108.    The Undisclosed BPPs did not file the BPP Notice, signed by the Debtors under penalty of perjury, or the BPP Declaration in violation of 11 U.S.C. § 110(b)(2)(A) and (B).

109.    The Undisclosed BPPs did not print their social security numbers on the Petition in violation of 11 U.S.C. § 110(c)(1) and (2).

110.    The Undisclosed BPPs did not provide the Debtors with copies of the Petitions and other documents for filing in violation of 11 U.S.C. § 110(d).

111.    The Undisclosed BPPs executed the Petitions on behalf of the Debtors in violation of 11 U.S.C. § 110(e)(1).

112.    The Undisclosed BPPs paid the partial filing fees to the Bankruptcy Court when they filed the Petitions in violation of 11 U.S.C. § 110(g).

113.    The Undisclosed BPPs did not file a Disclosure of Compensation in violation of 11 U.S.C. § 110(h)(2).

114.    The Undisclosed BPPs' violations of 11 U.S.C. §§ 110(b), (c), (d), (e)(1), (g), and (h)(2) warrant forfeiture of all fees they received from the Debtors under 11 U.S.C. § 110(h)(3)(A) and (B); the imposition of treble fines for each violation, as set forth in 11 U.S.C.

§§ 110(l)(1); and the award of damages in favor of the Debtors under 11 U.S.C. § 110(i), in amounts to be determined at trial.

## SECOND CLAIM FOR RELIEF
### Violation of 11 U.S.C. § 110(f)

115.    The allegations contained in paragraphs 1-114 are hereby incorporated by reference as if set forth fully herein.

116.    Under 11 U.S.C. § 110(f), a BPP shall not use the word "legal" or any similar term in any advertisements.

117.    MVP's website, formerly stayinorwalkaway.com, has a disclaimer that it is not a law firm and does not provide legal services.

118.    The website also states that MVP has "a legal department that looks over every deal and has a national database of attorneys to fight . . . to do the best we can to stop the foreclosure process."

119.    Elsewhere on the website, MVP states that "we routinely halt/postpone/cancel foreclosure proceedings as a matter of daily activity" and "our legal staff closely monitors . . . the status of any foreclosure sales, and will intervene as necessary."

120.    MVP also uses the word "legal" in informational brochures disseminated to clients and potential clients.

121.    One brochure states that "[o]ur 'Stop the Sale Date Program" is handled by our experienced legal team.  We start off by initiating a Chapter 13 bankruptcy and then dismissing it after 72 hours.  Our attorney utilize [*sic*] the Chapter 13 within that 72 hour period to get an automatic stay. . . .  With all of the systems in place our legal team will be able to keep a foreclosure sale at bay for up to 5-6 years."

122.     MVP, in fact, does not have an experienced legal team, a legal department, legal staff, or a national data base of attorneys, and the persons dealing with the Debtors with respect to the Petitions are not lawyers or law firms.

**THIRD CLAIM FOR RELIEF**
**Fraudulent, Unfair, and Deceptive Acts under 11 U.S.C. § 110(i)**

123.     The allegations contained in paragraphs 1-122 are hereby incorporated by reference as if set forth fully herein.

124.     The Undisclosed BPPs have engaged in fraudulent, unfair, deceptive acts under 11 U.S.C. § 110(i).

125.     The Undisclosed BPPs falsely represented that a legal team provides services under Stop the Sale Date in information disseminated to the public, potential clients, and the Debtors.

126.     The Undisclosed BPPs prepared and filed the Petitions without the Debtors' knowledge and signed the Debtors' names in declarations under penalty of perjury.

127.     The Service Agreement, used by MVP, S&W, FCG and Bolden, does not accurately describe Stop the Sale Date.

128.     The Service Agreement falsely purports to be a contract to provide educational services regarding "market and financial conditions," to the Debtors.

129.     The Undisclosed BPPs failed to inform the Debtors that filing chapter 13 petitions is an integral part of Stop the Sale Date.

130.     The Debtors paid the Undisclosed BPPs thousands of dollars for services that provided no benefit, and were in fact, detrimental, to the Debtors.  The Debtors have lost their homes to foreclosure or they will face foreclosure after dismissal of the Petitions.

131.    The Service Agreement describes the process to stop a foreclosure in vague terms, stating only that the process would be implemented "as described to the Client."

132.    Filing and failing to prosecute skeletal bankruptcy petitions solely to receive the benefit of the automatic stay is an abuse of the bankruptcy system.

### FOURTH CLAIM FOR RELIEF
### Injunctive Relief Under 11 U.S.C. § 110(j)(1) and (2)

133.    The allegations contained in paragraphs 1-132 are hereby incorporated by reference as if set forth fully herein.

134.    The Undisclosed BPPs have engaged in conduct that violates nearly every provision of 11 U.S.C. § 110.

135.    The Undisclosed BPPs have engaged in fraudulent, unfair and deceptive conduct.

136.    Upon information and belief, some or all of the Undisclosed BPPs are continuing to provide foreclosure rescue services, including staying foreclosure sales, to distressed homeowners.

137.    Injunctive relief is, therefore, appropriate to prevent the Undisclosed BPPs from further acting as bankruptcy petition preparers under 11 U.S.C. § 110(j)(1).

### PRAYER FOR RELIEF

WHEREFORE, the United States Trustee requests that the Court enter judgment

1.    Assessing treble fines against the Undisclosed BPPs, under 11 U.S.C. § 110(l)(1), for violations of 11 U.S.C. §§ 110(b)(1) and (2), (c), (d), (e)(1), (f), (g), and (h)(2) in amounts to be determined at trial;

2.    Directing the Undisclosed BPPs to forfeit all fees that the Debtors paid for Stop the Sale Date, under 11 U.S.C. § 110(h)(3)(A), for their violations of 11 U.S.C. § 110;

3.      Ordering the Undisclosed BPPs to pay to damages to the Debtors under 11 U.S.C.

§ 110(i), for engaging in fraudulent, unfair and deceptive acts with respect to the Debtors' cases;

and

4.      Enjoining the Undisclosed BPPs from further acting as bankruptcy petition

preparers, under 11 U.S.C. § 110(j)(1), for violating the provisions of 11 U.S.C. § 110 and

engaging in fraudulent, unfair, and deceptive acts, to prevent the recurrence of the violations and

fraudulent, unfair, and deceptive acts.

Dated:  New York, New York
        August 14, 2015.

                                          WILLIAM K. HARRINGTON
                                          UNITED STATES TRUSTEE, REGION 2

                                          By:  */s/ Alicia M. Leonhard*
                                               Alicia M. Leonhard  (al-9928)
                                               Assistant United States Trustee
                                               271 Cadman Plaza East, Suite 4529
                                               Brooklyn, New York 11201
                                               Phone: 718-422-4960
                                               Facsimile: 718.422.4990
                                               Email: Alicia.M.Leonhard@usdoj.gov